# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANETTE BARTON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | 03-CV-428-JHP-SAJ |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, a company, TULSA COUNTY ) | |
| BOARD OF COUNTY COMMISSIONERS, ) | |
| and TULSA COUNTY CRIMINAL ) | |
| JUSTICE AUTHORITY ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER:**

Now before the Court is the Plaintiffs' Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23 [docket number 18]; the Response from Defendant Corrections Corporation of America; the Response from Tulsa County Board of County Commissioners and Tulsa County Criminal Justice Authority; the Supplement to the Response from Corrections Corporation of America; the Supplemental Brief and Appendix from the Plaintiffs; the transcript from the hearing held by the Court on 11/23/2005; the Plaintiffs' Closing Brief Part I; the Defendants' combined Closing Brief in Response to the Motion; and the Plaintiffs' Closing Brief Part II. After conducting a careful review of the pleadings in this case and the testimony and arguments presented at the hearing in November 2004, the Court finds that the requirements of Federal Rule of Civil Procedure 23 have not been satisfied. Therefore, the Plaintiffs' Motion for Class Certification is hereby DENIED.

1

## BACKGROUND:

The Plaintiffs in this case are all former prisoners of the David L. Moss correctional facility ("Facility") located in Tulsa, Oklahoma. Specifically, the Plaintiffs in this action were prisoners on or after December 21, 2000 who were released from custody prior to or on December 20, 2002.[1] According to the Complaint, the Plaintiffs were each subjected to strip searches during their incarceration at the Facility. The strip searches that were conducted allegedly were done in a manner whereby men searched women and women searched men.

This case was filed in the Tulsa County District Court and later removed to this Court alleging that the Defendants had infringed on their constitutionally protected rights. The Plaintiffs further allege that the constitutional infringement was in violation of the Defendants' stated policies regarding strip searches. Plaintiffs seek to litigate their claims against the Defendants on a class-wide basis.

## DISCUSSION:

Plaintiffs' motion seeks certification of a class defined as: "Male and female prisoners at the David L. Moss Criminal Justice Center in Tulsa, Oklahoma, who were subjected to cross-gender strip searches at David Moss on or after December 21, 2000, and who were not incarcerated on December 20, 2002."[2] *See* Plaintiff's Closing Brief Regarding Class Certification–Part I at 10.

At the outset, the Defendants argue that the proposed class definition is unduly vague and

---

[1] The limitation to only those people who were no longer incarcerated at the time of the filing of this action, is in compliance with the Prison Litigation Reform Act and this Court's order dated August 12, 2004.

[2] The language describing the proposed class is as amended in the Plaintiffs' pleadings.

2

will result in the Court being unable to determine who is actually included in the class. The Defendants argue that the vagueness is rooted in the use of the term "cross-gender" in the class definition. As the Plaintiffs point to, however, the term "cross-gender" is the exact term articulated by the Defendants in their internal policies. *See* CCA Corporate and Facility Policy at 9-5.5(C)(5). Moreover, the term "cross-gender" is widely used in jurisdictions across this country to describe situations where one is searched by a person of the opposite sex. *See, e.g., Canedy v. Boardman*, 16 F.3d 183, 185 n. 1 (7th Cir. 1994); *Jordan v. Gardner*, 986 F.2d 1521, 1552 (9th Cir. 1993); *Soto v. City of Haltom City*, 106 Fed. Appx. 903, 2004 WL 1777183 (5th Cir. 2004) (unpublished opinion); *Roden v. Sowders*, 84 Fed. Appx. 611, 2003 WL 23140063 (6th Cir. 2003) (unpublished opinion).

Taking into account the Defendants' policy and the widespread usage of the term "cross-gender" in the Federal Courts, the Court finds that the proposed class definition is sufficient to provide the necessary notice to potential class members. Furthermore, the term cross-gender is adequate to provide the Court with the necessary framework upon which to determine if individual plaintiffs are included or excluded from the class.

### *A. General Requirements of Rule 23*:

Class certification is a power that is within the discretion of the trial court, but the power is limited, "and indeed is bounded by the relevant provisions of the Federal Rules." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) (citation omitted). Federal Rule of Civil Procedure 23 provides the courts with the necessary limitations and guidance to analyze a motion for class certification. Pursuant to Rule 23, the Plaintiffs must first satisfy the requirements of Rule 23(a). *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1287-88 (10th Cir. 1999) (The court "may certify

a class only if, after rigorous analysis, it determines that the proposed class satisfies the prerequisites of Federal Rule of Civil Procedure 23(a)."). Then, if the court finds that the threshold requirements have been satisfied by the Plaintiffs, the parties must then establish that the case fits within one of the three subcategories of Rule 23(b).

"Although the party seeking to certify a class bears the burden of proving that all the requirements of Rule 23 are met," the court's analysis should be rigorous. *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004); *see also Gen. Tel. Co. of Sw., Inc. v. Falcon*, 457 U.S. 147, 161 (1982). When undertaking this rigorous examination, the court is required to take the substantive allegations of the Complaint as true. *Shook*, 386 F.3d at 968. Nevertheless, the court in its analysis "need not blindly rely on conclusory allegations which parrot Rule 23 requirements [and] may . . . consider the legal and factual issues presented by plaintiff's complaints." *J.B.*, 186 F.3d at 1290 n. 7 (internal quotations omitted) (quoting 2 Herbert Newberg & Alba Conte, Newberg on Class Actions § 7.26 (3d ed. 1992)). The consideration of the legal and factual issues presented should not be in an effort to determine the merits of the case; instead, the consideration is limited to the satisfaction of the Rule 23 requirements. *See Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 381 (D. Colo. 1993) ("[T]here is a distinction between identifying the issues that the case will present for purposes of determining whether the requirements of Rule 23 have been met and deciding those issues on the merits"). Therefore, it is proper for the court to "probe behind the pleadings before coming to rest on the certification question." *Gen. Tele. Co.*, 457 U.S. at 160.

***B. Rule 23(a):***

Rule 23(a) imposes four requirements that must be satisfied before a class can be

4

certified. *See* Fed. R. Civ. P. 23(a).  Specifically, Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The prerequisites imposed by Rule 23(a) are often referred to as numerosity, commonality, typicality, and adequacy of representation.  *See, e.g., Shook*, 386 F.3d at 968.

*1. Numerosity:*

The first prerequisite to class certification requires the proposed class of plaintiffs to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a).  This numerosity requirement mandates "some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation" of the requirement. *Rex v. Owens ex rel. Oklahoma*, 585 F.2d 432, 436 (10th Cir. 1978).  As noted in Newberg's treatise on class actions, "the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone." 1 Albe Conte & Herbert Newberg, Newberg on Class Actions § 3.5, 247 (4th ed. 2002).  The impracticality requirement does not suggest that joinder need be impossible; instead, the requirement is satisfied if the "plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required." *Cook*, 151 F.R.D. at 384 (citing *Ark. Educ. Ass'n v. Bd. of Educ. of Portland*, 446 F.2d 763, 766-67 (8th Cir. 1971)).

In this case, the Plaintiffs have provided a list of 66 people all of whom would be

5

included in the proposed class. *See* Plaintiffs' Closing Brief Regarding Class Certification - Part I at Ex. A. According to lead counsel for the Plaintiffs, the persons on the list were incarcerated in the facility during the relevant time period, were subjected to cross-gender strip searches, but were not incarcerated at the time of the filing of this action. *See* Plaintiffs' Closing Brief Regarding Class Certification - Part II at ex. A. Moreover, counsel for the Plaintiffs suggests that the number of people contained in the list may only be a small group of the people who would actually be included in the final class. *See id.*

As a result of the above, the Court hereby finds that the Plaintiffs have satisfied the numerosity requirement in this action.

*2. Commonality:*

The second prerequisite to class certification requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a). Importantly, commonality is not required for each issue that will be raised in the case. *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir. 1999). Instead, "Rule 23 is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *Id.* (internal quotations omitted) (quoting *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). In fact, commonality is "satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). As a result, the commonality requirement is oftentimes easily satisfied. *Id.* (citing 1 Herbert Newberg & Alba Conte, Newberg on Class Actions § 3.10, 3-50 (3d ed. 1992)).

In support of a finding of commonality, the Plaintiffs have identified the following issues as questions of law or fact that are common to the class:

6

(1) Whether the Board had adopted, approved, ratified and/or implemented a policy regarding strip searches of prisoners at David Moss.

(2) Whether the Authority had adopted, approved, ratified and/or implemented a policy regarding strip searches of prisoners at David Moss.

(3) Whether CCA had approved and implemented a policy regarding strip searches of prisoners at David Moss

(4) Whether the Board had adopted, approved, ratified and/or implemented a policy regarding visual body cavity searches of prisoners at David Moss.

(5) Whether the authority had adopted, approved, ratified and/or implemented a policy regarding visual body cavity searches of prisoners at David Moss.

(6) Whether CCA had approved and implemented a policy regarding visual body cavity searches of prisoners at David Moss.

(7) Whether prisoners at David Moss, including the Plaintiffs and class members, were strip searched in violation of a policy of the Board and/or the Authority.

(8) Whether prisoners at David Moss, including the Plaintiffs and class members, were strip searched in violation of a policy of CCA.

(9) Whether the strip searches of the Plaintiffs and class members violated their right to privacy under the United States Constitution.

(10) Whether prisoners at David Moss, including the Plaintiffs and class members, were subjected to body cavity inspections in violation of a policy of the Board and/or the Authority.

(11) Whether prisoners at David Moss, including the Plaintiffs and class members, were subjected to body cavity inspections in violation of a policy of CCA.

(12) Whether the Plaintiffs and class members are entitled to recover damages pursuant to 28 U.S.C. § 1983.

(13) Whether the Plaintiffs and class members are entitled to remedies other than actual money damages.

*See* Plaintiffs' Closing Brief Regarding Class Certification - Part I at 17-18. These questions of law and fact certainly satisfy the minimal requirement of commonality as required by Rule 23(a).

### *3. Typicality:*

The third prerequisite to class certification requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). This requires the class representative to have the same interests and seek a remedy for the same injuries as other class members. *See, e.g., E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). However, there is no requirement that the class representatives have circumstances identical to those of the potential class members. *See Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert denied*, 460 U.S. 1069 (1983). In fact, "[f]actual differences in the claims of the class members should not result in a denial of class certification where common questions of law exist." *Id.* (citations omitted).

Here, the claims of the proposed class representatives, Donna Randall, Samantha Lewis, Janis McMillan, and Greg Palmer, are typical of those claims raised by the other Plaintiffs and the proposed class. The representative Plaintiffs' claims that are typical of the class as articulated by the Plaintiffs include:

> (1) Ms. Randall, Ms. Lewis, Mc. McMillan and Mr. Palmer were required to remove their clothing and submit to searches by, or in the presence of, CCA officials of the opposite sex–that is, to cross-gender strip searches.
>
> (2) Ms. Randall, Ms. Lewis, Ms. McMillan and Mr. Palmer were required to submit to visual body cavity inspections conducted by, or in the presence of, CCA officials of the opposite sex.
>
> (3) The searches were not warranted by reasonable suspicion.
>
> (4) The searches invaded the privacy of Ms. Randall, Ms. Lewis, Ms. McMillan and Mr. Palmer and the class members and constituted a

>violation of their rights under the United States Constitution.
>
>(5) Ms. Randall, Ms. Lewis, Ms. McMillan and Mr. Palmer and class members sustained damages as a result of the action and conduct of CCA and the Board and/or the Authority.

Plaintiffs' Closing Brief Regarding Class Certification - Part I at 19.

The Defendants argue that the typicality requirement is not met here because the proposed class representatives were each searched in a different manner. Specifically, the Defendants point to the testimony of Lewis (she testified she was not subjected to a search by a male officer), Randall (she testified that a male officer was watching her be searched), and McMillan (she testified that she was searched by a male officer) in support of the contention that the factual differences should prevent class certification.

Nevertheless, each class representative is pursuing a claim under the same legal theory and for the same conduct of the Defendants. That is, the Plaintiffs are seeking relief for allegedly unlawful searches that occurred at the facility. As the Third Circuit held, "even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories." *Baby Neal*, 43 F.3d at 58. Thus, the Plaintiffs have satisfied the typicality requirement of Rule 23(a).

### *4. Adequacy of Representation:*

The fourth prerequisite to class certification looks to ensure that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc. v. Winsor*, 521 U.S. 591, 625 (1997). There are two prongs to this requirement: 1) the class representatives must have common interests with the class

members; and 2) the class representatives must vigorously prosecute the interests of the class through qualified counsel. *See id.* at 625. "In most cases, adequate representation presumptions are usually invoked in the absence of contrary evidence by the party opposing the class." *Cook*, 151 F.R.D. at 386 (quoting 2 Robert Newberg & Alba Conte, Newberg on Class Actions at 7-81 & 7-82 (3d ed. 1992)).

In this case, the Defendants offer no contrary evidence to the Plaintiffs' counsel and the class representatives' ability to adequately represent the class. After reviewing the record, the Court finds that the proposed class representatives have similar interests to and have no conflicts with the remaining proposed class members. Both the class representatives and the Plaintiffs' counsel in this case have expressed their intent to vigorously pursue the claims of the class and not put individual claims above those of the class as a whole. Moreover, the experience that Plaintiffs' co-counsel, Mr. Steven Balman, has in the class action arena suggests that the counsel has the adequate means and knowledge necessary to fully protect the rights of all members of the class. Therefore, the Court finds that the fourth prerequisite under Rule 23(a) has been satisfied.

## C. Rule 23(b):

If a proposed class is able to satisfy the four prerequisites under Rule 23(a), it must then demonstrate that certification is proper under at least one of the provisions of Rule 23(b). The Plaintiffs in this case are seeking certification under Rule 23(b)(3). Subsection (b)(3) of Rule 23 allows for class certification when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Thus, under this rule, the Plaintiffs must demonstrate

first that there are common questions of law and/or fact that predominate over individual questions and second that a class action is a superior method of litigation. Here, the Plaintiffs fail to show that there are common questions of fact or law that predominate over the individual claims. Thus, certification of the class is not proper.

The question concerning whether common questions of fact or law predominate is a much more demanding requirement than that of the Rule 23(a) commonality requirement discussed above. *See Monreal v. Potter*, 367 F.3d 1224, 1237 (10th Cir. 2004). This more searching inquiry requires that the claims of the proposed class members arose from a "common nucleus of operative facts." *Cook*, 151 F.R.D. at 388 (citations omitted). Moreover,

> The common questions need not be dispositive of the entire action. In other words, "predominate" should not be automatically equated with "determinative" or "significant." Therefore, when one or more of the central issues in the action are common to the class and can be said to predominate, the action will be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately.

*Id.* (quoting 7A Charles A. Wright et al., Federal Practice and Procedure § 1778, 528-29 (1986).

In this case, the Plaintiffs allege that the common questions of fact or law that predominate are:

> (1) Were the strip searches/visual body cavity inspections conducted according to CCA policy?
>
> (2) Were the strip searches/visual body cavity inspections conducted with the permission of the appropriate CCA officials?
>
> (3) Were the strip searches/visual body cavity inspections based on "reasonable suspicion"?
>
> (4) Were the strip searches/visual body cavity inspections conducted in response to an emergency?

Plaintiffs' Closing Brief Regarding Class Certification - Part I at 20-21.

Here, after a review of the Plaintiffs' alleged common questions of fact or law that predominate, the Court finds that questions pertaining only to individual plaintiffs are crucial to the recovery of those plaintiffs. Specifically, with respect to the first and third questions asserted, individual inquiry will be necessary to arrive at an answer. The CCA policy provides that strip searches may be conducted, *inter alia*, "when there is Reasonable Suspicion." CCA Corporate and Facility Policy at 9-5.5(C). The policy then defines "reasonable suspicion" as "[a]ctions, conduct, or circumstances which lead the company to believe that activity in conflict with CCA policy and Procedures has taken or is taking place." *Id.* at 9-5.3. Even a cursory view of the policy's reasonable suspicion definition leads the Court to conclude that individual factors are highly relevant and determinative when the Defendants undertake the necessary steps prior to conducting a strip search. Furthermore, the remaining two questions presented, numbers two and four, require individualized factual determinations. While questions one and three required individualized factual determinations from each Plaintiff, questions two and four will require individualized determinations based on which search the Plaintiffs are alleging was a violation of their rights. To be sure, the Plaintiffs assert that there were at least two instances where these cross-gender strip searches were conducted. Thus, the questions presented could perhaps only be common to those Plaintiffs who were searched on the same date and under the same circumstances, that is the Defendants may have violated their policies on one date but not on another. The Plaintiffs have failed to establish there are similar factual questions related to the various searches involving the Plaintiffs; thus, the requirement that common questions

predominate has not been satisfied.³  Therefore, the initial Rule23(b)(3) requirement has not been satisfied and the Court need not address the superiority of a class action versus individual lawsuits.

Because the Court has determined common questions of law or fact do not predominate and that individual determination will be crucial to the proper litigation of the issues raised in this lawsuit, the Rule 23(b)(3) requirement has not been satisfied.  And, since the Plaintiffs have failed to satisfy the initial 23(b)(3) requirement, the Court will not determine the superiority of a class action versus individual lawsuits.

## CONCLUSION:

As a result of the Plaintiffs' failure to illustrate that common questions of fact or law do not predominate over individual factual determinations, class certification is not proper. Therefore, the Plaintiffs' Motion for Class Certification is hereby DENIED.

IT IS SO ORDERED this 1ˢᵗ day of September, 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

³ In the second closing brief regarding class certification, Plaintiffs argue "the instant case is not about individual searches.  The case is about searches that 'were conducted as part of [a] shakedown or lockdown.'"  Plaintiffs' Closing Brief Regarding Class Certification - Part II at 2 (citations omitted).  Plaintiffs further argue that the case is really about "the custom and practice that Corrections Corporation of America ("CCA") followed with respect to those systematic group searches." *Id.*  However, after a review of the Plaintiffs' Second Amended Complaint filed on May 10, 2004, the Court disagrees with the Plaintiffs' arguments.  At no place in that complaint do the Plaintiffs reference a lockdown or shakedown situation.  Rather, the Complaint seems to focus solely on the strip searches and the existence of a policy by the Defendants to define the limitations or availability of those searches in the facility.